UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
**ELECTRONICALLY FILED**

| | |
|---|---|
| JOSHUA SAUNDERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE, INC., )<br>SHANE YOUNG )<br>)<br>Defendants. )<br>)<br>_____ ) | Case No.: 3:16-cv-291-DJH |

**<u>UNITED PARCEL SERVICE, INC.'S</u>**
**<u>ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant, Shane Young ("Young"), by counsel, for its Answer to Plaintiff's Complaint, states as follows:

**<u>FIRST DEFENSE</u>**
**<u>ALLEGATIONS COMMON TO ALL COUNTS</u>**

1. Paragraph 1 of Plaintiff's Complaint pertains to Plaintiff Saunders, and Young lacks information or knowledge sufficient to form a belief as to the truth of the averments contained therein and, therefore, denies same.

2. Young admits the averments in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Young states UPS is an Ohio corporation authorized to do business in the Commonwealth of Kentucky.

4. Paragraph 4 of Plaintiff's Complaint is ambiguous; however, Young admits UPS's registered agent for service of process is Corporation Service System, 421 W. Main Street, Frankfort, KY 40601.

5. Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Young admits Plaintiff's claimed damages are in excess of the jurisdictional limits of this Court; however, Young denies Plaintiff is entitled to such damages.

6. Paragraph 6 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Young admits the averments in Paragraph 6 of Plaintiff's Complaint.

7. With regard to Paragraph 7 of Plaintiff's Complaint, Young admits the incident giving rise to this action occurred in Bullitt County, Kentucky, and the damages claimed are in excess of the jurisdictional limits of this Court, although Young denies that Plaintiff is entitled to such damages.

8. Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Young is without information or knowledge sufficient to form a belief as to the truth of the averments contained therein and, therefore, denies same.

9. Young denies the averments of Paragraph 9 of Plaintiff's Complaint.

### CLAIMS AGAINST YOUNG
### COUNT I: NEGLIGENCE, GROSS NEGLIGENCE

10. Young adopts and reiterates each and every response above as if set forth fully herein and incorporates the same by reference.

11. Young denies the averments of Paragraph 11 of Plaintiff's Complaint.

## CLAIMS AGAINST UPS
## COUNT II: RESPONDEAT SUPERIOR

12. Young adopts and reiterates each and every response above as if set forth fully herein and incorporates the same by reference.

13. Paragraph 13 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Young admits the averments in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Young denies the averments in Paragraph 14 of Plaintiff's Complaint.

15. The prayer for relief following Paragraph 14 requires no response. To the extent a response is required, Young denies same.

16. All averments not specifically addressed above are denied.

## SECOND DEFENSE

17. Plaintiff's Complaint fails to state a claim on which relief can be granted either in whole or in part.

## THIRD DEFENSE

18. Plaintiff's Complaint may be barred, in whole or in part, because the alleged injuries or damages complained of by Plaintiff, if there be any, were caused by the superseding and/or intervening acts and/or omissions of Plaintiff and/or parties and/or third parties for whose conduct Young is neither responsible nor liable.

### FOURTH DEFENSE

19. To the extent applicable, as may be shown by discovery, Young relies on KRS 411.182 and the sole or contributory or comparative fault of Plaintiff as a complete or partial bar to Plaintiff's claims herein.

### FIFTH DEFENSE

20. To the extent that Plaintiff has received other benefits to which the payor is subrogated and Plaintiff is not the owner of such claims, the amounts claimed herein must be reduced accordingly or such subrogated parties should be joined as named parties.

### SIXTH DEFENSE

21. The injuries and damages complained of and/or alleged in Plaintiff's Complaint, if any, were avoidable consequences, and Plaintiff failed to mitigate or reduce the alleged injuries or damages, if any.

### SEVENTH DEFENSE

22. Young pleads as affirmative defenses those defenses identified in Federal Rules of Civil Procedure as if fully stated herein, the applicability of said defenses to be determined during discovery.

### EIGHTH DEFENSE

23. UPS pleads the equitable defenses of waiver and estoppel to the extent applicable to be determined during discovery.

### NINTH DEFENSE

24. The injuries and damages complained of and/or alleged in Plaintiff's Complaint, if any, are the direct and proximate result of superseding and/or intervening causes over which Young had no responsibility or control.

### TENTH DEFENSE

25. UPS asserts each and every defense available to it under Kentucky's Motor Vehicle Reparations Act, Ky. Rev. Stat. § 304.39-010 *et seq*.

### ELEVENTH DEFENSE

26. The conduct of which Plaintiff complains is not gross negligence, willful, wanton, oppressive, fraudulent, or malicious. As such, the complained-of conduct does not warrant the imposition of punitive damages.

27. Plaintiff's claim for punitive damages against Young cannot be sustained because any award for punitive damages would violate Young's due process rights guaranteed by the United States Constitution and the Kentucky Constitution.

28. Plaintiff's claim for punitive damages against Young cannot be sustained because it does not satisfy the statutory or common law prerequisites for punitive damages.

29. Young relies on KRS § 411.184, as modified by *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998), and *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Sand Hill Energy, Inc. v. Smith*, 142 S.W.3d 153 (Ky. 2004), as a bar to Plaintiff's punitive damages claim.

### TWELFTH DEFENSE

30. Young reserves the right to amend his Answer and to add any additional affirmative defenses or counterclaims as this case develops.

**WHEREFORE**, Defendant, Shane Young, by counsel, demands as follows:

1. That the Complaint against him be dismissed with prejudice;

2. That he recover his costs and expenses herein, including reasonable attorney's fees;

3. A trial by jury; and;

4. That it recover all other relief to which he may now or hereafter appear to be entitled.

Respectfully submitted,

/s/ Blaine Lewis
James T. Blaine Lewis
Sarah M. McKenna
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
(502) 581-8000
Blaine.lewis@dinsmore.com
Sarah.mckenna@dinsmore.com
*Counsel for Defendants, United Parcel Service, Inc. and Shane Young*

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will serve copies of the same on the following counsel of record:

Ethan T. Manning
Chris Meinhart
MEINHART SMITH & MANNING, PLLC
222. E. Witherspoon Street
Suite 401
Louisville, KY 40202
(502)589-2700
(502)749-5500 (facsimile)
*Counsel for Plaintiff*

/s/ Blaine Lewis
*Counsel for Defendants, United Parcel Service, Inc. and Shane Young*